IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JAMES R. WALKER, Individually and
on behalf of all others similarly situated                                           PLAINTIFFS

v.                                  Case No. 4:13-cv-04122

OLD RELIABLE CASUALTY COMPANY                                          DEFENDANT

### ORDER

Before the Court is the Motion to Remand filed on behalf of Plaintiff James R. Walker ("Walker"). (ECF No. 17). Defendant Old Reliable Casualty Company ("Old Reliable") has responded. (ECF No. 24). The Court finds this matter ripe for its consideration.

Walker filed his class action complaint in the Circuit Court of Miller County, Arkansas on November 26, 2013. On December 20, 2013, Old Reliable filed a Notice of Removal in this Court, asserting that the Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Walker argues in his Motion to Remand that this Court does not have jurisdiction over this action because Old Reliable has failed to meet its burden of proving that the amount in controversy exceeds the $5 million minimum required under CAFA.

### I. Discussion

A federal district court has jurisdiction under CAFA if, among other things, the matter in controversy exceeds the sum or value of $5,000.000, exclusive of interest and costs, the parties are minimally diverse, and the number of class members exceeds 100. 28 U.S.C. §1332(d). "[A] party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence regardless of whether the complaint alleges an amount below the jurisdictional minimum."

*Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009). "Under the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are . . . .'" *Id.* at 959 (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)) (alteration in original). If a defendant meets its burden, then a plaintiff seeking remand must establish to a legal certainty that the amount in controversy is less than the statute requires. *Bell*, 557 F.3d at 956. The legal-certainty standard is not met if even a possibility exists of recovering more than the statutory minimum. *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011).

A. Compensatory Damages

In its Notice of Removal, Old Reliable asserts that Walker has put into controversy a total of $7.5 million. Old Reliable also alleges that, based on its own calculations, $1.6 million or more was depreciated in connection with claims for which it made "actual cash value" payments. Walker argues that, based on the evidence presented by Old Reliable, the $1.6 million is not an accurate portrayal of the compensatory damages alleged because that number takes into account the depreciation of both labor and material costs. Because Walker is not seeking to recover the depreciation of material costs, Walker claims that this figure used as a calculation is clearly erroneous.

Old Reliable submitted the affidavit of Greg Warnock, Assistant Vice President over Property Claims for Old Reliable. He asserted that Old Reliable paid out more than $7.9 million on claims on an "actual cash value" basis, which was the replacement value of the property at the time of the loss, less depreciation. Warnock indicated that, historically, the percentage of depreciation was 22.4%. Applying the percentage to the total amount paid, Warnock calculated that Old Reliable

had depreciated "$1.6 million or more" in connection with actual cash value payments since November 26, 2003.  Warnock then asserts that "the total amount placed at issue in this case for plaintiff's and the putative class' claims exceeds $7,500,000.00."

Walker argues that Old Reliable has not met its burden of proof because the affidavit does not contain facts from which the amount in controversy can be determined for jurisdictional purposes.  Therefore, there is no factual basis upon which the Court can conclude that it has jurisdiction.  However, the Eighth Circuit has made clear that, "when determining the amount in controversy, the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (internal quotation marks omitted).

Old Reliable argues that the amount in controversy is $7.5 million, which is the total amount of the relevant transactions during the relevant time period.  However, even if the lesser and more exact $1.6 million is used to calculate the amount, the Court finds that the amount in controversy is satisfied.[1]  In *Raskas*, the Eighth Circuit held that each defendant's affidavits detailing the total sales of their medications should be used to meet the amount in controversy, when the total sale amounts were not at issue, but rather a more narrow category of sales.  *Id.*  Similarly, here, the total amount of depreciation can be used to calculate the amount in controversy.

Even if ultimately this estimate proves to be overly inclusive, Old Reliable has appropriately estimated the damages at this stage in the proceedings.  *See id.* at 886-87.

---

[1] When combined with the statutory penalty, attorneys fees, and punitive damages, the amount in controversy is satisfied with a compensatory damages award of $1.6 million.

B.  Statutory Damages

The Complaint also asks for statutory penalties of 12% of the depreciated labor costs recovered. Arkansas law provides for a 12% penalty to insurers in cases where an insured brings suit and recovers "twenty percent (20%) of the amount demanded or which is sought in the suit." Ark. Code Ann. § 23-79-208(d). Assuming that the Plaintiff class is able to recover at least 20% of the damages they seek in this action, they will be entitled to recover a 12% penalty against Defendants. Accordingly, if the Plaintiff class recovers the total amount of their compensatory damages estimate, $1.6 million, the 12% penalty would amount to $192,000.

C. Punitive Damages

The parties dispute the availability of punitive damages. Walker argues that his Complaint does not allege facts that would support the recovery of punitive damages under Arkansas law. Old Reliable responds that the allegations in the Complaint are sufficient that a jury could legally conclude that punitive damages are available.

Federal courts applying Arkansas law have held that punitive damages are "assumed to be legally recoverable even [where a] plaintiff's complaint [does] not include a prayer for punitive damages or allege that the defendant acted wantonly or maliciously." *Knowles v. Std. Fire Ins. Co.*, 4:11-CV-04044, 2013 WL 3968490, at *10 (W.D. Ark. Aug. 2, 2013); *see also Bowles v. Osmose Utilities Servs., Inc.*, 443 F.3d 671, 675 (8th Cir. 2006); *Thatcher v. Hanover Ins. Grp., Inc.*, 4:10–CV–4172, 2012 WL 1933079, at *6 (W.D. Ark. May 29, 2012) ("[T]here have been cases in which punitive damages have been properly awarded when merited even in the absence of their being sought after or prayed for by a party."). The fact that fraud was not pled in a separate count and that there is no prayer for punitive damages does not preclude Walker from eventually

recovering punitive damages. *See Basham*, 979 F. Supp. 2d at 889.

Thus, the relevant question here is whether the allegations in the Complaint constitute the type of conduct that could potentially support an award of punitive damages. As a court sitting in diversity, the court looks to Arkansas law when determining whether punitive damages are available. Punitive damages are not ordinarily recoverable for breach of contract under Arkansas law. *McClellan v. Brown*, 632 S.W.2d 406, 407 (Ark. 1982). In adhering to that principle, the Arkansas courts have stated: "To support a claim for punitive damages there would have to be a willful or malicious act in connection with a contract. A bare allegation of fraud which results in a monetary loss would not justify punitive damages . . ." *Id*. Walker alleges that Old Reliable "failed to disclose" information, "acted in a manner designed to conceal" information, and that these actions amounted to "fraudulent concealment." (ECF No. 3). These allegations could be construed as stating a claim for either bad faith in the insurance context or common law fraud, and at this stage, they create at least the possibility that punitive damages could be awarded in tort. *See Knowles*, 4:11-CV-04044, 2013 WL 3968490 (noting Plaintiff made similar allegations and finding that defendant had established by a preponderance of the evidence that punitive damages were possible); *see also Columbia Nat'l Ins. Co. v. Freeman*, 64 S.W.3d 720, 723 (Ark. 2002) (punitive damages for bad faith potentially available when insurer "affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured"); *Curtis Lumber Co. v. La. Pac. Corp.*, 618 F.3d 762, 785 (8th Cir. 2010) (punitive damages for fraud possible if defendant knew or ought to have known that his conduct would result in injury or damage, justifying an inference of malice).

The question therefore is how much the plaintiff class may potentially recover in punitive

damages. Courts have found punitive damage multipliers of up to six to be acceptable when considering the availability of punitive damages in the CAFA amount-in-controversy context. *See Basham v. Am. Nat. Cnty. Mut. Ins. Co.*, 979 F. Supp. 2d 883, 890 (W.D. Ark. 2013) (collecting cases). Because the Court finds Old Reliable has adequately proven that a fact-finder might legally conclude that the compensatory damage award could be $1.6 million, punitive damages awarded on that amount with a multiplier of 2, when combined with statutory damages and attorney's fees,[2] would support CAFA jurisdiction. *See Kerr v. Ace Cash Experts, Inc.*, 4:10 CV 1645 DDN, 2010 WL 5177977, at *2 (E.D. Mo. Dec. 14, 2010) (holding that a compensatory damages award of only $594,000 could "satisfy the amount in controversy requirement because of the potential for punitive damages and attorneys fees"). For the purposes of the amount in controversy calculations, the Court notes that a potential punitive-to-compensatory damages ratio of up to 6:1 is acceptable. Thus, employing less than that, a 2:1 ratio, when combined with the other damage amounts, meets the amount in controversy requirement.

Old Reliable has established by a preponderance of the evidence that a punitive damages award is legally possible in this case and should be included when calculating the amount in controversy. Walker has failed to meet his burden of proving to a legal certainty that an award of punitive damages could not occur. The Court finds that Old Reliable has met its burden to show that a fact finder could conclude that Walker is entitled to punitive damages with a 2:1 ratio. *See Back Doctors Ltd. v. Metropolitan Property & Casualty Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (noting that the legal-certainty standard is not met if even a possibility exists of recovering more than the statutory minimum). Accordingly, the Court will assume a punitive damages award of $3.2

---

[2]Discussed *infra*, see II.D for discussion of attorneys fees.

million is recoverable.

### D.  Attorneys Fees

Walker agrees that class counsel could recover 35% of the amount of the class recovery. When determining whether a party seeking removal has satisfied the amount in controversy burden, "only statutory attorney fees count toward the jurisdictional minimum calculation." *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005) (emphasis added). Reasonable attorneys fees are awarded by statute in Arkansas and may be added when determining whether the amount in controversy is sufficient for federal jurisdiction under CAFA in this case.  The Court finds that Old Reliable has shown it is reasonable to use a 35% multiplier to estimate attorneys fees for the amount in controversy.  Attorneys fees may be estimated, therefore, at $1,680,000.

### III.  Conclusion

Accordingly, the Court concludes that Old Reliable has proven that a fact finder might legally conclude that the amount in controversy exceeds $5 million.  Therefore, Walker's Motion to Remand is DENIED.

**IT IS SO ORDERED**, this 4th day of December, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge